USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 07/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JS BARKATS PLLC,

          Plaintiff,

v.

BLUE SPHERE CORP. and SHLOMO PALAS,

          Defendants.

No. 16-CV-8404 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff JS Barkats PLLC brings this action against Defendants Blue Sphere Corporation and Shlomo Palas, asserting claims for quantum meruit and tortious interference with contract under New York law. Before the Court is Plaintiff's motion to remand the action to state court. For the reasons set forth below, the motion is granted, and this action is remanded.

## BACKGROUND[1]

Plaintiff JS Barkats PLLC ("JSB") is a law firm organized as a professional limited liability

---

[1] These facts are drawn from the complaint. *See* Notice of Removal Ex. 1 ("Compl.") (Dkt. 1-1). The Court also relies on other documents submitted in connection with removal and Plaintiff's motion to remand. *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (holding that "if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis."); *see also Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 n.2 (S.D.N.Y. 2014) (relying on the complaint and other documents submitted in connection with removal and a motion to remand). These documents include: the Amended Notice of Removal (Dkt. 4); the Declaration of Sunny J. Barkats in Support of Plaintiff's Motion to Remand ("Barkats Decl.") (Dkt. 14); the Affirmation of Ran Daniel in Opposition to Plaintiff's Motion to Remand ("Daniel Aff.") (Dkt. 24); the Declaration of Barry M. Kazan in Opposition to Plaintiff's Motion to Remand ("Kazan Decl.") (Dkt. 25); the Reply Declaration of Michael B. Wolk in Support of Plaintiff's Motion to Remand ("Wolk Decl.") (Dkt. 29); and Plaintiff's February 8, 2017 and February 12, 2017 letters to the Court, along with documents attached thereto (Dkts. 30, 32).

company in New York. *See* Compl. ¶ 1; Barkats Decl. ¶ 1. JSB's sole member, Sunny J. Barkats, is a dual citizen of France and Israel. *See* Barkats Decl. ¶ 1. Defendant Shlomo Palas is the Chief Executive Officer of Blue Sphere Corporation ("Blue Sphere") and a citizen of Israel. *See* Daniel Aff. ¶ 4; Am. Notice of Removal ¶ 5. According to the complaint, Palas "resides in and conducts [Blue Sphere's] business from Israel." Compl. ¶ 3.

Defendant Blue Sphere is a corporation engaged in the clean energy production and waste-to-energy markets. *See* Barkats Decl. Ex. 1 at 2. JSB's complaint alleges that Blue Sphere is "a foreign corporation organized in Nevada, with a principal place of business in America in North Carolina, and with a principal place of business outside America in Israel." Compl. ¶ 2. The complaint further alleges that Blue Sphere is "Israeli-headquartered." *Id.* ¶ 4. According to Blue Sphere's Chief Financial Officer, Ran Daniel, Blue Sphere is "a Nevada corporation, with a principal place of business in North Carolina." Daniel Aff. ¶ 3.

In support of its motion to remand, JSB has submitted three SEC filings. First, JSB submitted a Form 424B3 investment prospectus, which Blue Sphere filed on September 16, 2016. *See* Barkats Decl. Ex. 1. This prospectus states that Blue Sphere is "a Nevada corporation" whose "principal executive offices" are located in Charlotte, North Carolina. *See id.* at 3. The prospectus further states that "although [its] principal executive office is in the United States, a substantial part of [its] business and management is based in Israel." *Id.* at 8. Under a section titled "Properties," the prospectus states that Blue Sphere's "principal executive office is located in North Carolina," where the company leases office space, and that Blue Sphere also has "office space located at 35 Asuta St. Even Yehuda, Israel 40500." *Id.* at 29.

Second, JSB submitted a Schedule 13G form, which was filed by Dr. Borenstein, Ltd. on February 6, 2017. *See* Pl.'s Letter to Ct. Ex. 1 (Feb. 8, 2017). In this form, Dr. Borenstein, Ltd.

2

reported that it is the beneficial owner of 6.4 percent of Blue Sphere's common stock. *See id.* at 1–2. The form lists "35 Asuta St. Even Yehuda, Israel 40500" as the address of Blue Sphere's "principal executive offices." *See id.*

Third, JSB submitted excerpts of an Amendment to a Form S-1 registration statement, which Blue Sphere filed on April 3, 2012. *See* Pl.'s Letter to Ct. Ex. 1 at 60 (Feb. 12, 2017). The cover page of the registration statement lists "35 Asuta Street, Even Yehuda, Israel 40500" as the address of Blue Sphere's "Principal Executive Offices." *Id.* at 1. The registration statement provides the same Israeli address for Blue Sphere's Chairman, Joshua Shoham, Chief Executive Officer and Director, Shlomo Palas, and Chief Carbon Officer and General Counsel, Mark Radom. *See id.* at 36, 46.

On October 23, 2016, JSB filed a complaint against Blue Sphere and Palas in the Supreme Court of New York. *See* Compl. The complaint alleges, *inter alia*, that Blue Sphere terminated JSB without paying for its legal services. *See id.* ¶¶ 5–18. The complaint asserts one claim against Blue Sphere for quantum meruit damages and one claim against Palas for tortious interference with contract. *See id.* ¶¶ 19–22. The complaint seeks $652,000 in damages. *See id.* at 6.

On October 31, 2016, Defendants filed an amended notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Am. Notice of Removal ¶ 7. On December 6, 2016, JSB moved to remand this case to state court. *See* Pl.'s Mot. to Remand (Dkt. 13). On December 20, 2016, Defendants filed an opposition, *see* Defs.' Opp'n Mem. (Dkt. 23), to which JSB replied on December 23, 2016, *see* Pl.'s Reply Mem. (Dkt. 28).

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

3

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state" and between "citizens of different States and in which citizens or subjects of a foreign state are additional parties. *Id.* § 1332(a)(2), (3). "[D]iversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *accord F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017). "The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "The rule of complete diversity—that no plaintiff and no defendant may be a citizen of the same state—applies to alienage cases as well as to ordinary diversity cases." *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *accord Ergowerx Int'l, LLC v. Maxell Corp. of Am.*, 18 F. Supp. 3d 453, 455 (S.D.N.Y. 2014), *aff'd*, 615 F. App'x 689 (Fed. Cir. 2015).

"The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017); *accord Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("It is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."). In addition, "statutory procedures for removal are to be strictly construed, and . . . out of respect for the limited jurisdiction of the federal courts and the rights of states, [federal courts] must resolve any doubts

against removability." *In re MBTE Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (alterations, internal citations, and quotation marks omitted); *accord Forde v. Hornblower N.Y., LLC*, No. 16-CV-4028 (AJN), 2017 WL 1078585, at *2 (S.D.N.Y. Mar. 20, 2017) ("In light of federalism concerns, federal courts construe the removal statute narrowly and resolve any doubts against removability."). Where, as here, "subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

## DISCUSSION

JSB argues that the Court lacks jurisdiction under 28 U.S.C. § 1332(a) because Defendants have not demonstrated complete diversity of citizenship between all plaintiffs and all defendants.[2] The Court agrees.

The parties do not dispute the citizenship of JSB or Palas. As a limited liability company, JSB's citizenship "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Avant Capital Partners, LLC v. W108 Dev. LLC*, No. 16-CV-3359 (LLS), 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016) ("A limited liability company takes the citizenship of its members."). JSB thus takes the citizenship of its only member, Sunny Barkats, and is deemed a citizen of Israel and France. *See* Barkats Decl. ¶ 1. Palas is a citizen of Israel. *See* Daniel Aff. ¶ 4. Since JSB is an alien, diversity jurisdiction exists only if Blue Sphere is not a citizen of a foreign state. *See* 28 U.S.C. § 1332(a)(2).[3]

---

[2] The amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction, as JSB seeks $652,000 in damages. *See* Compl. at 6; 28 U.S.C. § 1332(a).

[3] Defendants argue that JSB fraudulently joined Palas to defeat diversity jurisdiction. *See* Defs.'

5

As a corporation, Blue Sphere is "treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012); *see* 28 U.S.C. § 1332(c)(1). Where, as here, the plaintiff is an alien, a district court lacks diversity jurisdiction if a defendant corporation has either a principal place of business or state of incorporation in a foreign state. *See id.* § 1332(a)(2), (3); *see also* 15 James W. Moore et al., *Moore's Federal Practice* § 102.50 (3d ed. 2015) ("Section 1332(c) does not give a party the option of treating a corporation as a citizen of *either* the state of incorporation *or* the state where its principal place of business is located. Rather, the statute treats a corporation as a citizen of *both* states." (emphasis in original)).[4] There is no dispute that Blue Sphere is incorporated in Nevada. *See* Compl. ¶ 2; Barkats Decl. Ex. 1 at 3. Thus, the existence of diversity jurisdiction in this case turns on the location of Blue Sphere's principal place of business.

As the Supreme Court explained in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities"—its "nerve center." *Id.* at 92–93. A corporation's "nerve center" is "a single place," and "in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual

---

Opp'n Mem. at 13–29. At this stage, the Court need not address this argument because, whether or not Palas was fraudulently joined, JSB must nonetheless show that its citizenship is different from Blue Sphere's. *See Briarpatch*, 373 F.3d at 302 (holding that, for purposes of diversity jurisdiction, "each plaintiff's citizenship must be different from the citizenship of each defendant").

[4] In 2011, Congress amended Section 1332(c) to clarify that a corporation is a citizen of "every State and foreign state" where it is incorporated or has its principal place of business, thus recognizing the possibility of dual citizenship for alien corporations. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63 § 102, 125 Stat. 758; *see also Moore's Federal Practice* § 102.55. The Second Circuit has held that, prior to this amendment, Section 1332(c) did "not treat domestic corporations with foreign principal places of business as aliens." *Bayerische*, 692 F.3d at 50.

center of direction, control, and coordination." *Id.* at 93; *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (per curiam). "Although the nerve center test is neither as clear-cut nor as simple to determine as the Supreme Court evidently intended, nonetheless, as subsequent courts have recognized, the test focuses on where a corporation's 'high-level' decisions are made, not where day-to-day activities are managed." *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015). In addition, "an alien corporation's *worldwide* principal place of business, and not its principal place of business within the United States, is controlling." *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1101 (2d Cir. 1986) (emphasis in original).

Defendants claim that Blue Sphere's principal place of business is in North Carolina. The evidence of Blue Sphere's location consists of an affidavit from Blue Sphere's Chief Financial Officer, Ran Daniel, and three SEC filings.[5] Viewing this evidence together, the Court concludes that Defendants have not carried their burden of establishing that Blue Sphere's principal place of business is located in the United States.

First, Ran Daniel's affidavit provides little, if any, information regarding the location of Blue Sphere's "nerve center." Daniel states, in conclusory terms, that Blue Sphere has "a principal place of business in North Carolina." Daniel Aff. ¶ 3. However, his affidavit contains no facts

---

[5] These SEC filings may be considered in evaluating JSB's motion to remand because, as discussed above, JSB submitted these documents in support of its motion to remand. *See, e.g., Wachtell, Lipton, Rosen, & Katz*, 18 F. Supp. 3d at 416 n.2 (relying on documents outside the pleadings that were submitted in connection with a motion to remand). In addition, the SEC filings may be considered because they are proper subjects of judicial notice. *See, e.g., Yefimova v. Bank Trustco*, No. 17-CV-0403 (TJM) (TWD), 2017 WL 2123153, at *3 & n.3 (N.D.N.Y. May 1, 2017) (taking judicial notice of a corporation's public filings in determining whether diversity jurisdiction was properly asserted); *Garcia v. Bill Me Later, Inc.*, No. 13-CV-8701 (RJS), 2015 WL 4578613, at *4 n.3 (S.D.N.Y. July 28, 2015) ("The Second Circuit has . . . held it proper for district courts to consider facts contained within SEC filings . . . .").

regarding where Blue Sphere's "officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92–93. The absence of such facts is difficult to understand because, as Chief Financial Officer, Daniel is plainly one of Blue Sphere's "officers." *Id.*; *see* Barkats Decl. Ex. 1 at 29 (listing Daniel as one of Blue Sphere's "Executive Officers and Directors"). Thus, to establish Blue Sphere's principal place of business, Daniel could have simply stated where he works. *See Hertz*, 559 U.S. at 92. Yet nowhere in Daniel's affidavit does he identify where he or other officers do their jobs—where they "direct, control, and coordinate" Blue Sphere's activities. *Id.* Daniel's affidavit is thus insufficient to show that Blue Sphere's principal place of business is located in the United States.

Second, Blue Sphere's Form 424B3 investment prospectus fails to show that Blue Sphere has a principal place of business in the United States. *See* Barkats Decl. Ex. 1.[6] This prospectus states that Blue Sphere's "principal executive offices" are located in North Carolina. *Id.* 3. In *Hertz*, however, the Supreme Court specifically rejected the suggestion "that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Hertz*, 559 U.S. at 97; *see also Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 105 (4th Cir. 2011) ("[U]nder *Hertz*, merely filing a government form listing a principal place of business, without more, would be insufficient to establish a corporation's 'nerve center.'"). Here, aside from identifying the address of the company's "principal executive offices"—which may be, as *Hertz* explained, "nothing more than a mail drop box, a bare office

---

[6] A Form 424B3 is an SEC form used by issuers of public securities to disclose any substantive changes or additions to the information contained in the issuer's most recently filed prospectus or registration statement. *See* 17 C.F.R. § 230.424(b)(3).

with a computer, or the location of an annual executive retreat"—Blue Sphere's prospectus contains no information indicating that Blue Sphere's officers actually direct, control, or coordinate the company's activities from North Carolina, or from any other place in the United States. *Hertz*, 559 U.S. at 97. Moreover, at least some other statements in the prospectus suggest that Blue Sphere's "never center" is, in fact, located in Israel. For example, the prospectus states: "[A]lthough our principal executive office is in the United States, a substantial part of our business and management is based in Israel." Barkats Decl. Ex. 1 at 8. This prospectus is thus insufficient, without more, to show that Blue Sphere's principal place of business is in the United States. *See id.*; *see also, e.g., Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 758 (11th Cir. 2015) (per curiam) (unpublished) (finding that corporate filings listing the address of a corporation and several of its officers were not sufficient to establish the corporation's principal place of business).

Third, the Schedule 13G undermines Defendants' claim that Blue Sphere's "nerve center" is in North Carolina.[7] *See* Pl.'s Letter to Ct. Ex. 1 (Feb. 8, 2017). This filing identifies the address of Blue Sphere's "principal executive offices" as "35 Asuta St. Even Yehuda, Israel 40500"—the same address listed in the prospectus as Blue Sphere's office space in Israel. *See id.* at 2; Barkats Decl. Ex. 1 at 29.[8] As Defendants correctly note, this document was not filed by Blue Sphere. It was, however, filed by one of Blue Sphere's largest shareholders: the Schedule 13G indicates that

---

[7] "A Schedule 13G is an SEC form used to disclose beneficial ownership of five percent or more of a company's equity securities when the purchaser has no intent to change or influence the issuer or to act in concert with others who so intend." *Greenberg v. Hudson Bay Master Fund Ltd.*, No. 14-CV-5226 (DLC), 2015 WL 2212215, at *4 (S.D.N.Y. May 12, 2015) (citing 17 C.F.R. § 240.13d–1(c)); *see also Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 616 nn.2–3 (2d Cir. 2002); *SEC v. Wyly*, 950 F. Supp. 2d 547, 551 n.12 (S.D.N.Y. 2013).

[8] The prospectus lists Dr. Amiram Borenstein, Ltd. as one of three stockholders with at least five percent beneficial ownership of Blue Sphere. *See* Barkats Decl. Ex. 1 at 38. The address listed for this entity is in Tel Aviv, Israel. *See id.*

9

Dr. Borenstein Ltd. owned 6.4 percent of Blue Sphere's common stock as of February 6, 2017, *see* Pl.'s Letter to Ct. Ex. 1 at 1–2 (Feb. 8, 2017), and Blue Sphere's prospectus identifies Dr. Borenstein Ltd. as one of three stockholders with at least five percent beneficial ownership of the company's common stock, *see* Barkats Decl. Ex. 1 at 38. Moreover, Blue Sphere's prospectus suggests that it may also have a commercial relationship with Dr. Borenstein Ltd., whom the prospectus identifies as a "consultant." Barkats Decl. Ex. 1 at F-29. In light of Dr. Borenstein Ltd.'s relationship to Blue Sphere, its statement in an SEC filing that Blue Sphere's "principal executive offices" are in Israel is probative of Blue Sphere's principal place of business. At a minimum, the Schedule 13G filing adds to the uncertainty regarding whether Blue Sphere's principal place of business is, as Defendants assert, located in North Carolina.

Finally, the excerpts of Blue Sphere's Amendment to its Form S-1 registration statement, filed on April 3, 2012, further suggest that the company's "nerve center" is not in the United States.[9] *See* Pl.'s Letter to Ct. Ex. 1 (Feb. 12, 2017). This document lists the address of Blue Sphere's Chairman, CEO, and General Counsel as "35 Asuta Street, Even Yehuda, Israel 40500." *See id.* at 36, 46. And while this document was filed more than five years ago, two of these officers—Joshua Shoham, Blue Sphere's Chairman, and Palas, its CEO—are listed as executives in Blue Sphere's September 2016 investment prospectus. *See* Barkats Decl. Ex. 1 at 29. Defendants have provided no evidence that these officers, or any others, direct the company's activities from any location other than Israel. The excerpts to Blue Sphere's 2012 amendments to

---

[9] A "Form S-1 is a registration form that a company files with the SEC when it issues securities in an initial public offering." *Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Reserve Sys.*, 463 F.3d 239, 250 & n.12 (2d Cir. 2006).

its Form S-1 registration statement further undermine Defendants' assertion that Blue Sphere's principal place of business is in the United States.

It bears repeating that "[t]he burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it," and "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 559 U.S. at 96–97. Defendants have provided no "competent proof" that Blue Sphere's "nerve center" is in the United States. Accordingly, Defendants have not carried their burden of establishing diversity jurisdiction, and this action must be remanded to state court.[10]

JSB seeks an award of costs and attorney's fees incurred as a result of Defendants' improper removal of this action. *See* Pl.'s Mem. at 21. Under 28 U.S.C. § 1447(c), a district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014). "In practice, if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking." *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) (citation omitted). Here, although Defendants have not

---

[10] Because the Court concludes that Blue Sphere has not demonstrated that it is diverse from JSB, it need not consider Defendants' argument that Palas was fraudulently joined as a defendant.

11

carried their burden of demonstrating that the Court has jurisdiction over this action under 28 U.S.C. § 1332(a), the Court cannot conclude that Defendants had no "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. JSB's complaint alleged that: (1) JSB is a law firm "organized in and operating from" New York, (2) Blue Sphere is a "foreign corporation organized in Nevada, with a principal place of business in America in North Carolina," and (3) Palas "resides in and conducts [Blue Sphere's] business from Israel." Compl. ¶¶ 1–3. The complaint did not allege, however, that JSB is a limited liability company, or that its only member, Sunny Barkats, is a citizen of Israel and France. *See* Compl. Relying on the complaint, therefore, Defendants could reasonably infer that JSB was a citizen of New York and that, as a result, "each plaintiff's citizenship [was] different from the citizenship of each defendant." *Briarpatch*, 373 F.3d at 302. Accordingly, Defendants' did not lack an "objectively reasonable" basis for seeking removal, and an award of costs or attorney's fees to JSB is not appropriate. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) ("The mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff.").

## CONCLUSION

For the foregoing reasons, JSB's motion to remand is granted. JSB's request for oral argument is denied as moot. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, New York County and to close this case.

SO ORDERED.

Dated: July 10, 2017
New York, New York

Ronnie Abrams
United States District Judge